UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY CRUZ,

        Petitioner,

                                 CASE NO. 2:08-CV-14882
v.                                        HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

        Respondents.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

### I.  Introduction

Anthony Cruz ("Petitioner"), a state prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in violation of his constitutional rights.  Petitioner pleaded no contest to felonious assault and resisting a police officer in the Kent County Circuit Court and was sentenced as a third habitual offender to concurrent terms of 36 to 96 months imprisonment and 32 to 48 months imprisonment in 2004.  In his pleadings, Petitioner raises a due process challenge to his third habitual offender sentencing enhancement.

This matter is before the Court on Respondent's motion for summary judgment seeking dismissal of the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions.  For the reasons stated herein, the Court grants Respondent's motion

and dismisses with prejudice the petition for writ of habeas corpus.  The Court also denies a certificate of appealability and leave to proceed on appeal in forma pauperis.

## II.  Facts and Procedural History

Petitioner pleaded no contest to felonious assault, Mich. Comp. L. § 750.82, and resisting a police officer, Mich. Comp. L. § 750.81(d), in the Kent County Circuit Court and was sentenced as a third habitual offender to concurrent terms of 36 to 96 months imprisonment and 32 to 48 months imprisonment on March 18, 2004.  Petitioner did not pursue a direct appeal of his convictions in the state courts.

On August 28, 2006, Petitioner filed a motion for relief from judgment with the state trial court contending that his sentencing enhancement was improper because there was insufficient proof of the two underlying felonies and because he was not given timely notice of the enhancement.  The trial court denied the motion finding that the sentencing enhancement was proper because Petitioner had two prior felony convictions and because he had waived any challenge to the notice requirement with his unconditional plea.  *See People v. Cruz*, No. 03-08035-FH (Kent Co. Cir. Ct. Jan. 5, 2007), Pet. Appx. A.  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied.  *See People v. Cruz*, No. 275929 (Mich. Ct. App. June 11, 2007), Pet. Appx. B.  Petitioner then attempted to file an application for leave to appeal with the Michigan Supreme Court, but his application was rejected as untimely because it was filed beyond the applicable 56-day period set forth in Michigan Court Rule 7.302(C)(2).  *See* 8/30/07 Letter from the Michigan Supreme Court Clerk, Pet. Appx C.

Petitioner filed his federal habeas petition on November 21, 2008, asserting the following claim as grounds for relief:

> Petitioner is being incarcerated under a clear violation of his due process rights because the trial court failed to comply with necessary rules of enhancement. The requirement to enhance a sentence must be provided timely where a criminal defendant may challenge that enhancement. The current third offense enhancement violates the principles set forth in due process. (XIV).

Respondent moved for summary judgment on May 18, 2009 contending that the petition is untimely and should be dismissed. Petitioner has not filed a reply to the motion.

### III.  Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. He was sentenced on March 18, 2004 and did not pursue a direct appeal of his convictions in the Michigan appellate courts. His convictions therefore became final, at the latest, on March 18, 2005, when the time for filing a late application for leave to appeal with the Michigan Court of Appeals expired. *See* Mich. Ct. R. 7.205(F). Accordingly, Petitioner was required to file his federal habeas petition on or before March 18, 2006, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his state court motion for relief from judgment on August 28, 2006. Thus, the one-year limitations period expired before Petitioner sought state post-conviction or collateral review. A state court post-conviction motion filed after the expiration of the one-year limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's

4

state post-conviction proceedings did not toll the running of the statute of limitations. Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant federal habeas corpus relief. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's

control." *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

In this case, Petitioner sets forth no circumstances which caused him to institute his state court collateral proceedings or this habeas action after the expiration of the one-year limitations period. The fact that he is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain amount of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under *Dunlap, supra.*

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513

U.S. at 324.  Furthermore, actual innocence means "factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623.  Petitioner has made no such showing.  He is thus not entitled to equitable tolling of the one-year period and his petition must be dismissed.

### IV.  Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his federal habeas action within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims.  Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *Id*.

Having considered the matter, the Court concludes that jurists of reason would not find

7

the Court's procedural ruling that the petition is untimely and cannot be saved by the doctrine of equitable tolling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal because such an appeal would be frivolous. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.


                          s/Gerald E. Rosen
                          Chief Judge, United States District Court

Dated:  July 8, 2009

### CERTIFICATE OF SERVICE

I hereby certify that on    July 8, 2009   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:    Raina I. Korbakis   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
   Anthony Cruz, #439342, Saginaw Correctional Facility, Freeland, MI 48623   .

                          s/Ruth A. Brissaud
                          Ruth A. Brissaud, Case Manager
                          (313) 234-5137